**TOWN FUNDS: OFFICERS:** Town is not required or authorized to reimburse officer for costs of criminal defense. Minn. Stat. §§ 465.76, 466.07, 471.44 (1994).

442a-1
(Cr. Ref. 442a-11; 442a-20)

July 25, 1996

David K. Hebert, Esq.
Hebert, Welch,
  Humphreys & Grindberg, P.A.
Attorneys for New Scandia Township
Town Square
20 North Lake Street, Suite 301
Forest Lake, MN 55025

Dear Mr. Hebert:

In your letter to Attorney General Humphrey, you present substantially the following:

## FACTS

New Scandia Township is a township with urban powers located in Washington County, Minnesota.

In 1977, Ms. S was elected constable for New Scandia Township. On or about 1986 the constable position was abolished. At that time, Ms. S was appointed Chief of Police. During most of her tenure with New Scandia Township, she was the only employee of the Police Department. She was responsible for maintaining the records of the Department.

She served as a police officer until her resignation for medical reasons on April 5, 1993.

On August 24, 1994 an indictment was issued by a Washington County Grand Jury charging Ms. S with the following offenses:

Count I        Misconduct of Public Officer or Employee (in violation of Minn. Stat. 609.43(2));

Count II    Unauthorized disposal of records (in violation of Minn. Stat. 138.225).

Both offenses were alleged to have been committed on or about April 4 or April 5, 1993 at New Scandia Township, Washington County, Minnesota.

Ms. S privately retained an attorney to defend her against the charges. Based on arguments of counsel, the Judge of District Court dismissed the indictment on March 17, 1995.

In defending this action Ms. S incurred attorney's fees of $4,500.00.

You then ask substantially the following:

## QUESTION

Is the Town of Scandia required or authorized to reimburse Ms. S for the costs of her legal defense.

## OPINION

We answer both parts of your question in the negative. In Op. Atty. Gen. 125-A-25, July 28, 1980, we concluded that a county, as a local unit of government, was neither required nor permitted, absent clear statutory authority, to reimburse an officer or employee for costs of defending against criminal charges arising from acts allegedly done in connection with official duties. Since we have not located any statutory provision which clearly requires or authorizes reimbursement in the circumstances described, we must conclude that such reimbursement is not permitted.

We believe it is clear that reimbursement is not required. Minn. Stat. § 466.07 (1994) requires local governments to defend and indemnify officers and employees in connection with actions for "damages" arising from performance of official duties. Likewise, Minn. Stat. § 471.44 (1994) requires defense of a peace officer in an action to recover "damages" arising out of an arrest made in good faith by the officer or in connection with defense of unfounded

charges of misconduct before a "civilian review authority." Neither of these sections, however, has application to defense of a criminal indictment such as that presented here.

Therefore, absent some additional statutory requirement which has not been called to our attention, we find no statutory obligation of the town to reimburse Ms. S for her defense costs.

There does exist authority for certain local governments, in their discretion, to reimburse officers and employees for costs of defense of criminal actions. Following our 1983 opinion cited above, the Legislature enacted Minn. Stat. § 465.76 which provides:

> If reimbursement is requested by the officer or employee, the governing body of a home rule charter or statutory city or county may, after consultation with its legal counsel, reimburse a city or county officer or employee for any costs and reasonable attorney's fees incurred by the person to defend charges of a criminal nature brought against the person that arose out of the reasonable and lawful performance of duties for the city or county, provided if less than a quorum of the governing body is disinterested, that such reimbursement shall be approved by a judge of the district court.

The authority granted by that section is expressly limited to cities and counties and does not extend to towns. We recognize that New Scandia, as an urban town, is granted many powers of statutory cities. However, those powers are specifically enumerated by statute and special legislation and do not expressly include the authority granted by section 465.76. See Minn. Stat. § 368.01 (1994); Act of April 18, 1963, ch. 274, 1963 Minn. Laws 368. Therefore, we do not believe that an "urban" town can be considered a statutory city for purposes of Minn. Stat. § 465.76.

We have considered whether the authority of section 465.76 might be extended, by implication, to towns by means of analysis similar to that employed in Op. Atty. Gen. 471-a, December 31, 1992, wherein we concluded that authority of a city to reimburse for criminal defense costs might be construed to include the power to reimburse for defense against charges of violating the open meeting law, despite the fact that such charges are not "of a criminal nature." Similar analysis does not apply here, however. The 1992 opinion was based upon

the proposition that authority to reimburse for defense against the civil penalties of the open meeting law could be seen as included within the broader power of a city to reimburse for defense against charges of a more serious criminal nature. In the instant case, we can point to no broader power of the town within which the criminal defense of officers and employees might be found to be included. For whatever reason, the Legislature has seen fit to restrict the authority for criminal defense reimbursement for local employees to cities and counties. While the Legislature may well wish to re-examine that limitation and consider extending section 465.76 authority to other local units of government, we are not in a position to make that extension in the name of statutory construction.

Thus, it is our opinion that the town is neither obligated nor authorized to reimburse Ms. S for defense of the criminal action.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General
Manager, Opinions Division